No. 25-1265

In the United States Court of Appeals for the Tenth Circuit

**D.B.U.**, and **R.M.M.**, on their own behalf and on behalf of others similarly situated,

*Petitioners–Appellees*,

v.

**DONALD J. TRUMP**, in his official capacity as President of the United States; **PAMELA BONDI**, Attorney General of the United States, in her official capacity; **KRISTI NOEM**, Secretary of the U.S. Department of Homeland Security, in her official capacity; **U.S. DEPARTMENT OF HOMELAND SECURITY**; **TODD LYONS**, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**; **MARCO RUBIO**, Secretary of State, in his official capacity; **U.S. STATE DEPARTMENT**; **ROBERT GUADIAN**, in his official capacity as Director of the Denver Field Office, U.S. Immigration and Customs Enforcement; and **DAWN CEJA**, in her official capacity as Warden, Denver Contract Detention Facility,

*Respondents–Appellants*.

On Appeal from a Judgment of the United States District Court for the District of Colorado

# RESPONDENTS' MOTION TO HOLD APPEAL IN ABEYANCE

## Introduction[1]

The bulk of the issues in this case are duplicative of issues raised in expedited proceedings currently pending before the Fifth Circuit in *W.M.M. v. Trump*, No. 25-10534 (5th Cir.). To promote the efficient disposition of proceedings, this Court should exercise its inherent docket-management power to hold this appeal in abeyance pending the outcome of *W.M.M.*

## Background

In March, the President issued a Proclamation invoking the Alien Enemies Act ("AEA"), 50 U.S.C. § 21, to detain and remove Venezuelan nationals who are members of the designated foreign terrorist organization Tren de Aragua ("TdA"). Proclamation No. 10,903, *Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua*, 90 Fed. Reg. 13,033, 13,034 (Mar. 20, 2025) (the "Proclamation"). On April 12, the two named Petitioners, representing a putative class, sought immediate injunctive and habeas relief against their removal under the AEA. *See* ECF Nos. 1, 2, 4.

---

[1] Per 10th Cir. R. 27.1, Respondents' counsel has informed Petitioners' counsel about this motion. Petitioners are unopposed.

1

Petitioners defined their putative class essentially as aliens in custody in the District of Colorado who "were, are, or will be subject" to the Proclamation. *See* ECF No. 4. After granting provisional relief pending resolution of the case, the district court ultimately certified a class and granted permanent injunctive relief to Petitioners and the class. ECF Nos. 51-52; *see also* ECF No. 52 ("Respondents are enjoined from detaining, transferring, or removing Petitioners and members of the certified class" under the AEA and Proclamation.).

In a separate case, petitioners in the United States District Court for the Northern District of Texas challenged their detention and impending removal under the AEA in a putative class action. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1366 (2025). Those petitioners moved for a temporary restraining order, but before that motion was fully briefed, they filed a notice of appeal with the Fifth Circuit and an emergency application in the Supreme Court. *See id.* The Fifth Circuit denied those petitioners' appeal as premature. *Id.* at 1367. The Supreme Court later vacated the Fifth Circuit's judgment and remanded the case for the court to "address (1) all the normal preliminary injunction factors, including likelihood of success on the merits, as to the named plaintiffs' underlying

habeas claims that the AEA does not authorize their removal . . . and (2) the issue of what notice is due, as to the putative class's due process claims against summary removal." *Id.* at 1368, 1370. The Fifth Circuit has expedited proceedings for the remanded case: it is now fully briefed and argued. *See* Docket Nos. 33–34, 174, 180, 182-83 *in W.M.M. v. Trump*, No. 25-10534 (5th Cir.).

## Argument

Holding this appeal in abeyance pending the Supreme Court's decision on certiorari in *W.M.M.* would promote "economy of time and effort for [this Court], for counsel, and for litigants." *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Supreme Court enjoined the Government "from removing the named plaintiffs or putative class members in this action under the AEA pending order by the Fifth Circuit and disposition of the petition for a writ of certiorari, if such writ is timely sought." *A. A. R. P*, 145 S. Ct. at 1370. So the Supreme Court will take some action in *W.M.M.* and has signaled that it sees *W.M.M.* as a valuable vehicle for resolving the legal disputes surrounding the AEA. *See id.* at 1370–71 (Kavanaugh, J., concurring) (calling for the Court to resolve the legal

3

questions). Because the issues on appeal in this case are nearly identical to the ones in *W.M.M.*, which has been scheduled for expedited disposition, requiring briefing in the usual course in this case would lead to an unnecessary duplication of effort. The issues on appeal in *W.M.M.* include:

(1) To what extent courts may review whether the Proclamation complies with the AEA. *See* Opening Br., Docket No. 55, at 20–22 *in W.M.M.*, No. 25-10534 (5th Cir. May 30, 2025) ("*W.M.M.* Opening Br."); Answering Br., Docket No. 129, at 22–27 *in W.M.M.*, No. 25-10534 (5th Cir. June 10, 2024) ("*W.M.M.* Answering Br.");

(2) Whether the Proclamation complies with the AEA. *See W.M.M.* Opening Br. 23–38; *W.M.M.* Answering Br. 27–48;

(3) What due process requires for designations under the Proclamation. *See W.M.M.* Opening Br. 38–47; *W.M.M.* Answering Br. 49–61; and

(4) To what extent the Immigration and Nationality Act and the Convention Against Torture apply to the President's removal authority under Title 50 and to what extent aliens designated

4

under the AEA must be afforded a voluntary-departure period. *See W.M.M.* Opening Br. 47–54; *W.M.M.* Answering Br. 61–64. Most of the issues that might arise in this appeal are covered by the above. *See* Order, ECF No. 52, at 4–13 (justiciability of and jurisdiction to review the Proclamation's validity under AEA); *id.* at 13–19 (whether the Proclamation comports with the AEA); *id.* at 19–21 (notice requirements); *see also* Order, ECF No. 35 (order granting Petitioners' emergency motion for a temporary restraining order).

Although this appeal would also encompass the certifiability of the putative class below, *see* Order, ECF No. 51, because the resolution of the merits questions could moot the certification question, it would be more efficient to permit *W.M.M.* to proceed on an expedited basis before engaging the certification question. And because the district court has enjoined removals from the District of Colorado under the AEA and Proclamation, Petitioners in this case will not be prejudiced by a temporary abeyance. And with that in mind, Respondent proposes that either party be able to lift the abeyance if circumstances change.

5

## Conclusion

This Court should hold this appeal in abeyance pending the disposition of *W.M.M.*

Respectfully submitted,

**Brett A. Shumate**
Assistant Attorney General
Civil Division

**Yaakov M. Roth**
Principal Deputy Assistant Attorney General
Civil Division

**Tiberius T. Davis**
Counsel to the Assistant Attorney General

**Anthony Nicastro**
Acting Director
Office of Immigration Litigation

s/Spencer S. Shucard
**Spencer Shucard**
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 305-2024
spencer.s.shucard@usdoj.gov

Dated: July 15, 2025     *Counsel for Respondents–Appellants*

# Certificate of Compliance for Papers Submitted Under Fed. R. App. P. 27(d)(2)(A)

1.  This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 952 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word for Microsoft 365 MSO (Version 2504 Build 16.0.18730.20220) 64-bit.

Dated: July 15, 2025        <u>s/Spencer S. Shucard</u>
                            *Counsel for Respondents–Appellants*